# CSM Legal, P.C.
## Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165
ramsha@csm-legal.com

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

May 20, 2022

**VIA ECF**
Hon. Ronnie Abrams
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:     **Nava et al v. Lagada Corp. et al.**
        **Index No.: 21-cv-00016-RA**

Your Honor:

This office represents Plaintiff in the above-referenced matter. This letter is written jointly with Defendants' Counsel to respectfully request that the Court approve the settlement agreement ("the Agreement") reached by the Parties herein as "fair and reasonable." *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012). A copy of the Agreement is attached hereto as Exhibit A.

Plaintiff has agreed to settle all of his claims in this action. Specifically, the Parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement, and dismissal of these claims with prejudice, in exchange for the consideration set forth in the Agreement. The Agreement is the result of arms-length bargaining between experienced counsel. There was no fraud or collusion by any of the Parties during the settlement process. The Agreement reflects a desire by the Parties to fully and finally settle and compromise all of Plaintiff's claims asserted in this case as outlined more specifically in the attached Agreement.

The Parties have concluded that the Agreement is fair, reasonable, adequate, and in their mutual best interests. For these reasons, and based on the reasons set forth below, the parties respectfully request that that Court enter an Order approving the Agreement as fair and reasonable.

## I.     **Background**

Plaintiff filed a Complaint against Defendants alleging claims for unpaid overtime compensation; the failure to provide wage notices; the failure to provide accurate wage statements; the recovery of equipment costs; unlawful deductions from wages; and the failure to pay wages on a timely basis, along with liquidated damages, interest, attorneys' fees, and costs pursuant to, *inter alia*, the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and applicable regulations. Plaintiffs allege that they are entitled to back wages of approximately $63,900.44 and would be entitled to approximately $166,990.88 if they had recovered in full for their claims, which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs. A copy

May 20, 2022
Page 2

of Plaintiffs' damages chart, breaking down each amount sought from Defendants, is attached hereto as Exhibit B.

Plaintiff contends he was employed by Defendants at a restaurant, located at 1133 1ST avenue, New York, New York, 10065 under the name "Ritz Diner." Plaintiff was employed by Defendants from approximately 2007 until on or about August 9, 2020.  Plaintiff alleges that Defendants engaged in a variety of FLSA and NYLL violations, including the failure to pay lawful wages and notice and recordkeeping violations.

Defendants deny the allegations in the Complaint, deny any wrongdoing, and deny any liability that might cause Plaintiff to be entitled to the above-claimed sums.

## II.    The Proposed Settlement is Fair and Reasonable

The Parties have agreed to settle this action for the total sum of $40,000.00. The first monthly installment payment shall be within thirty (30), after the Court's approval of the Agreement and the dismissal of this action with prejudice. Thereafter, the remainder of the settlement shall be paid in seventeen (17) monthly installments. Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07-cv-00086, 2008 U.S. Dist. LEXIS 46174, at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09-cv-08337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.")

The proposed settlement represents a reasonable compromise between the strengths and weaknesses of the Parties' respective positions.  Having conferred with Defendants, it became clear that there were contested factual and legal disputes. Defendants produced records which purported to show the hours Plaintiffs worked and the wages they did earn. Accordingly, Defendants alleged that, even if Plaintiffs succeeded on liability, their damages were not near what Plaintiffs claimed them to be. Moreover, largely as a result of the COVID-19 pandemic, Defendants have limited financial resources with which to settle Plaintiff's claims or satisfy a judgment, and therefore it would have been difficult for Plaintiff to enforce a large judgment against Defendants and collect it in full.  The parties reached this settlement after mediation with individual plaintiffs and counsel in an adversarial process.

Considering these risks, and the inherent risks, burdens, and expenses of proceeding to trial, Plaintiff believes that this settlement is an excellent result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.*, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement.  If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.")

May 20, 2022
Page 3

### III.    Plaintiffs' Attorneys' Fees are Fair and Reasonable

Under the settlement agreement, Plaintiff's counsel will receive $13,704.00 from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation with costs.

Plaintiff's counsel's lodestar in this case is $5,482.50 and Plaintiffs' costs are $556.00.  A copy of Plaintiff's billing record is attached as "Exhibit C."  The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit.  *See Castaneda v. My Belly's Playlist LLC,* No. 15-cv-01324 (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 ,at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. 41, 60 (E.D.N.Y. 2010); *see also McDaniel v. City. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).

Below is a brief biography of the attorneys who performed billable work on behalf of Plaintiffs, including the effective billable rates which Plaintiffs respectfully request the Court to apply should the Court undertake a lodestar analysis of the fairness of such fees (*see*, e.g, *Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany*, 493 F. 3d 110 (2d Cir. 2007)):

i.    Michael Faillace, Esq. ("MF"), was the Managing Member of Michael Faillace & Associates, P.C., which is now CSM Legal, P.C., and was in practice from 1983 to November 5, 2021[1].  From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). He taught employment anti-discrimination law as an Adjunct Professor at Fordham University School of Law beginning in 1992 and at Seton Hall University Law School from 1995 to 1998, and he is a nationally-renowned speaker and writer on employment law.  He is also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by the Practicing Law Institute, and other employment law publications and presentations.  His work was billed at the rate of $450.00 per hour, his standard billing rate for matters paid on an hourly basis. Courts have routinely held that hourly fees of $450.00, or even $500.00, for counsel with Mr. Faillace's level of experience (37 years) and expertise are reasonable.  *See*, *e.g., Manley v. Midan Rest. Inc.*, No. 14-cv-01369 (S.D.N.Y. March 27, 2017), Doc. No. 42 at *32, 35-37 (fees of $500 per hour for FLSA litigator with 34 years of experience).

ii.    Gennadiy Naydenskiy ("GN") was a Litigation Associate of Michael Faillace & Associates P.C. now CSM Legal P.C. Gennadiy Naydenskiy is reflected in Exhibit C as "GN" is billed at a rate of $350 per hour. Prior to joining Michael Faillace and Associates, P.C, Gennadiy Naydenskiy was a solo practitioner

---

[1] No funds will be distributed to Mr. Faillace unless an application is made to the Court on his behalf and an order is entered to that effect.

May 20, 2022
Page 4

from October 2014, focusing primarily on FLSA wage and hour cases. Prior to founding his solo practice, Gennadiy Naydenskiy was an associate for Harrison, Harrison, and Associates a boutique law firm that focus most of their practice on FLSA wage and hour individual, multi-plaintiff, collective and class actions.

      iii.       I, Ramsha Ansari have been a Litigation Associate at CSM Legal, P.C since January 2022. I am reflected in Exhibit C as "RA" and billed at a rate of $300 per hour. I graduated from Brooklyn Law School in 2020 and am admitted to the New York Bar, United States District Court Southern District of New York, and the United States District Court, Eastern District of New York. Prior to joining this firm, I worked as an associate at a firm's Labor and Employment Department representing Plaintiffs in discrimination, sexual harassment, and wage and hour lawsuits.

      iv.      Work performed by paralegals ("PL") are billed at the rate of $125 per hour.

Should Your Honor have any questions or concerns regarding this settlement, the Parties are happy to address them.

Plaintiffs thank the Court for its time and consideration of this matter.

Respectfully submitted,

/s Ramsha Ansari
Ramsha Ansari, Esq
CSM Legal, P.C.
*Attorneys for Plaintiff*

District courts must scrutinize FLSA settlements to determine if they are fair and reasonable. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 201, 206 (2d Cir. 2015). In doing so, courts must evaluate the totality of the circumstances, including but not limited to: "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

For the reasons discussed in the parties' fairness letter, the Court finds that the settlement is fair and reasonable. Although the recovery amount falls short of the maximum amount that Plaintiff assert he might have recovered at trial, it is reasonable "in light of the legal and evidentiary challenges that would face the plaintiffs in the absence of a settlement." *Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 342 (S.D.N.Y. 2016). In addition, the attorneys' fees are reasonable and the release provision is not overbroad. *See Meza v. 317 Amsterdam Corp.*, No. 14-cv-9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015); *Fernandez v. New York Health Care, Inc.*, No. 19-cv-11575 (OTW), 2020 WL 8880948, at *3 (S.D.N.Y. Apr. 20, 2020). The settlement agreement is thus approved.

The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Hon. Ronnie Abrams
05/20/2022

UNITED STATES DISRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- X

BERNADO NAVA, *individually and on behalf of others similarly situated*,

                                    Plaintiff,

                            - against -

LAGADA CORP. (D/B/A RITZ DINER), DIMITRIOS SARANTOPOULOS and GEORGE KALOGERAKOS,

                              Defendants.

-------------------------------------------------------------------- X

:   Index No.:

:   21-CV-00016 (RA)

:   **SETTLEMENT AGREEMENT AND RELEASE**

     This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff, BERNADO NAVA, on the one hand, and Defendants, LAGADA CORP. (D/B/A RITZ DINER) (hereafter referred to as "Ritz Diner"), DIMITRIOS SARANTOPOULOS and GEORGE KALOGERAKOS (hereafter referred to as "Kalogerakos"), (collectively referred to as the "Defendants"), on the other hand.

     **WHEREAS**, Plaintiff alleges that he worked for Defendants as an employee; and

     **WHEREAS**, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of herein action (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

     **WHEREAS**, Defendants deny any violation of federal and state wage and hour and overtime laws; and

     **WHEREAS**, the parties desire to resolve all disputes between them without the necessity of further litigation;

     **NOW, THEREFORE**, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

     1. **Consideration**: Defendants Ritz Diner and Kalogerakos (the "Paying Defendants") shall pay or cause to be paid to Plaintiff, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of all claims Plaintiff had against Defendants in the Litigation through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiff, the gross sum of **Forty Thousand Dollars and No Cents ($40,000.00)** (the "Settlement Amount") to be paid to Plaintiff's attorneys in eighteen ("18") installments.

     (a)  Installment One: Within thirty (30) days after the Court dismisses this Action with

prejudice, the Paying Defendants will deliver to Plaintiff's counsel CSM Legal, P.C, to the attention of Catalina Sojo, Esq., of CSM Legal, P.C. a check for Six Thousand Dollars and No Cents ($6,000.00) payable to CSM Legal, P.C. CSM Legal, P.C. will be responsible for disbursing the funds to Plaintiff.

(b) Thereafter, the remainder of the Settlement Sum (i.e., $34,000) shall be paid by the Paying Defendants in Seventeen (17) equal monthly installments of Two Thousand Dollars and No Cents ($2,000.00), payable on the same day of the first month following the payment of the first payment detailed under paragraph 1 (a) herein (e.g. if the first payment is made on May 15, 2022, then the second payment is due on June 15, 2022), and continuing on the same day of each of the subsequent seventeen (17) months.

> Prior to receipt of any payment, Plaintiff's counsel and plaintiff shall provide a duly executed W-9 form to the Paying Defendants' counsel, so that a 1099 form may be sent to each payee as required by the Paying Defendants. Should any payments be delayed pending receipt of a form W-9, those payments shall be issued within ten days (10) days of the delivery of the form to Defendant's counsel.

> Concurrently with the execution of this Agreement, the Paying Defendants shall each execute and deliver to Plaintiff's counsel confessions of judgment ("Confessions of Judgment") in the form annexed hereto within Exhibit "A". The Parties hereby acknowledge and agree that the Confessions of Judgments will be held in escrow by Plaintiff's counsel and will not be entered and/or filed at any time other than (i) in the event that the Paying Defendants fail to make any of the installment payments as set forth above, and (ii) the Paying Defendants fail to cure such default within ten (10) days of receipt of written notice to be emailed to the Paying Defendants' Counsel by email to **Michael P. Giampilis,** Law Offices of Michael P. Giampilis, P.C., 2 Supreme Ct. Smithtown, NY 11787 at mgiampilis@giampilislaw.com .

(c) All payments shall be delivered to the office of CSM Legal, P.C. to the attention of Catalina Sojo, Esq., 60 East 42nd Street, Suite 4510, New York, NY 10165.

(d) Plaintiff shall be solely responsible for the payment of any taxes owed as a consequence of the Paying Defendants' payment of the Settlement Amount, except for the employer's portion of any employer paid tax associated with such payments. Plaintiff understands that the Defendants make no representation or guarantee as to the tax consequences of the payment of the Settlement Amount. Plaintiff also hereby agrees to indemnify and hold harmless the Defendants in connection with any tax liabilities and/or interest, penalties, or costs that may be incurred by Plaintiff for any failure by them to properly report the payment.

(e) The Parties are entering into this Agreement in exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged.

Plaintiff agrees that she will not seek any further consideration from any Defendants, including any monetary payment, beyond that which is set forth in this paragraph. Plaintiff agrees to dismiss the Litigation with prejudice by submitting this Agreement and a Stipulation and Order of Dismissal with prejudice to the Court for approval upon the full execution of the Agreement and a Stipulation and Order of Dismissal with prejudice. Further, Plaintiff agrees to file any other or further documentation necessary to dismiss the Action with prejudice. A copy of the Stipulation of Dismissal with Prejudice is attached hereto as Exhibit "B."

2. **Release and Covenant Not to Sue**: Plaintiff hereby expressly waives, releases, and discharges any and all claims that they had against Defendants, or any of Defendants' respective owners, officers, directors, agents, attorneys, employees or representatives, or their successors in interest, arising out of or in connection with this Litigation and the Federal and New York State wage and hour claims made therein.

3. **No Admission of Wrongdoing:** This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

4. **Modification of the Agreement**: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff and Defendants.

5. **Acknowledgments:** Plaintiff acknowledges that: they have been fully and fairly represented by counsel in this matter. Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

6. **Notices:** Notices required under this Agreement shall be in writing, by email, and shall be deemed given upon electronic transmission thereof. Notice hereunder shall be delivered, by email, to:

To Plaintiff:

**Ramsha Ansari, Esq.**
CSM LEGAL, P.C.
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: bryan@csm-legal.com

To the Paying Defendants:

**Michael P. Giampilis**

Law Offices of Michael P. Giampilis, P.C.
2 Supreme Ct. Smithtown, NY 11787
516-739-5838
Fax: 631-406-6437
mgiampilis@giampilislaw.com

To Pro Se Defendant Dimitrios Sarantopoulos:

Dimitrios Sarantopoulos
420 East 88th Street, Apt. 3B
New York, NY 10028-6478
Sarantopoulos40@msn.com

7.      **Governing Law**: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.  The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Eastern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

8.      **Enforceability**:  If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement.

9.      **Release Notification**:  Plaintiff discussed the terms of this Agreement and release of claims with his legal counsel and Plaintiffs acknowledge that they have consulted with Ramsha Ansari, Esq. of CSM Legal, P.C., Plaintiff acknowledges that it is his choice to waive any claims in return for the benefits set forth herein and that he made his decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his attorneys.  Plaintiff confirms that this Settlement Agreement and Release has been translated to him in Spanish and that he understand the terms of his Agreement and that he is signing this Agreement voluntarily.

10**.**      **Entire Agreement.**

(a)      This Agreement represents the complete understanding between the parties with respect to all claims under the FLSA, NYLL, or any other wage and hour law, that Plaintiff has or may assert against Defendants and shall be interpreted under New York law, without regard to its conflict or choice of laws provisions;

(b)      This Agreement is the product of mutual negotiations amongst the parties with the assistance of counsel and shall not be construed against any party as the primary author of the Agreement; and

(c)      Plaintiff acknowledges that he has not relied on any representation, promise, or agreement of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement.

11.    **Attorneys' Fees and Costs.**  It is agreed that each party shall bear its own costs and attorneys' fees incurred in negotiating and preparing this Agreement except as otherwise specifically enumerated above.

12.    **Fair Meaning**:  The language of all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any of the Parties, regardless of who drafted it.

13. **Counterparts:** To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile or electronic transmission.

**PLAINTIFF:**

_____      Dated: _____   April 29, 2022
BERNANRDO NAVA



**DEFENDANTS:**

LAGADA CORP. (D/B/A RITZ DINER)

                                                Dated: _____
_____
BY: GEORGE KALOGERAKOS


_____
_____      Dated: _____
GEORGE KALOGERAKOS


_____
DIMITRIOS SARANTOPOULOS          Dated: _____

6

13. **Counterparts:** To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile or electronic transmission.

**PLAINTIFF:**

_____
                BERNANRDO NAVA          Dated: _____

**DEFENDANTS:**

LAGADA CORP. (D/B/A RITZ DINER)

_____     Dated: 5-12-22
BY: GEORGE KALOGERAKOS

_____
        GEORGE KALOGERAKOS          Dated: 5-12-22

_____
        DIMITRIOS SARANTOPOULOS     Dated: 5-10-22

6

**EXHIBIT A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------------------------------- X
BERNADO NAVA, *individually and on behalf of others*     :   Index No.:
*similarly situated*,                                             :

                             :

                    Plaintiff,            :   **AFFIDAVIT OF CONFESSION**

                                             :   **OF JUDGMENT**

                 - against -             :

                             :

LAGADA CORP. (D/B/A RITZ DINER), DIMITRIOS     :
SARANTOPOULOS and GEORGE KALOGERAKOS,     :

                             :

                    Defendants.           :
----------------------------------------------------------------- X

STATE OF NEW YORK      )
                              : ss.:
COUNTY OF New York   )

GEORGE KALOGERAKOS, being duly sworn, deposes and says:

1. I, George Kalogerakos, am the President of LAGADA CORP. (D/B/A RITZ DINER) (the "Ritz Diner") and I am duly authorized to make this affidavit of confession of judgment on behalf of Ritz Diner.

2. Ritz Diner maintains its principal place of business located at 1133 1st Avenue, New York, NY 10065.

3. Pursuant to the terms of a Settlement Agreement and Release by and between Plaintiff, BERNANRDO NAVA, ("Plaintiff") on the one hand, and Defendants, LAGADA CORP. (D/B/A RITZ DINER), DIMITRIOS SARANTOPOULOS and GEORGE KALOGERAKOS (Collectively, "Defendants") on the other hand, to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against Ritz Diner in favor of Plaintiff for the sum of Forty Thousand Dollars ($40,000.00) (less any payments made under the settlement agreement).

4. This affidavit of confession of judgment is for a debt justly due to Plaintiff under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of Forty Thousand Dollars and Zero Cents ($40,000.00) to Plaintiff. The amount of this affidavit of confession of judgment represents the settlement amount of Forty Thousand Dollars and Zero Cents ($40,000.00), plus liquidated damages under the Federal Fair Labor Standards Act and New York Labor Law and New York state implementing regulations and wage orders and which were waived as part of the Settlement Agreement, in the amount of Twenty Thousand Dollars and Zero cents ($20,000.00), for a total of Sixty Thousand and Five Hundred Dollars and Zero cents, ($60,000.00).

5. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendant Ritz Diner, including, without limitation, the terms and provisions of the Settlement Agreement.

6. I hereby represent my understanding that upon Defendant Ritz Diner's breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York County of New York as a judgment for Sixty Thousand Dollars and Zero ($60,000.00) (less any payments made under the settlement agreement), against Ritz Diner.

LAGADA CORP. (d/b/a/ Ritz Diner)

By: _____

GEORGE KALOGERAKOS, PRESIDENT

STATE OF NEW YORK )
                   ) ss.:
COUNTY OF New York )

On May 18 _____, 2022, before me personally came GEORGE KALOGERAKOS, to me known, who, by me duly sworn, did depose and say that deponent resides in Kings County, that deponent is the President of LAGADA CORP. (d/b/a/ Ritz Diner) the party described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of LAGADA CORP. (d/b/a/ Ritz Diner) and was authorized to do so.

_____
Notary Public

MICHAEL P. GIAMPILIS
Notary Public, State of New York
No. 02GI6086632
Qualified In Queens County
Commission Expires January 27, 20_23_

9

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------------- X

BERNADO NAVA, *individually and on behalf of others* :    Index No.:
*similarly situated*, :
                                                         :
                          Plaintiff, :    **AFFIDAVIT OF CONFESSION**
                                                          :    **OF JUDGMENT**
             - against - :
                                                                :

LAGADA CORP. (D/B/A RITZ DINER), DIMITRIOS : 
SARANTOPOULOS and GEORGE KALOGERAKOS, :
                                                          :
                                   Defendants. :

------------------------------------------------------------------- X

STATE OF NEW YORK       )
                                      : ss.:
COUNTY OF New York )

I, GEORGE KALOGERAKOS, being duly sworn, deposes and says:

1.  I, George Kalogerakos, am the President of LAGADA CORP. (D/B/A RITZ DINER) (the "Ritz Diner") and I am duly authorized to make this affidavit of confession of judgment on behalf of Ritz Diner.

2.  Ritz Diner maintains its principal place of business located at 1133 1st Avenue, New York, NY 10065.

3.  Pursuant to the terms of a Settlement Agreement and Release by and between Plaintiff, BERNANRDO NAVA, ("Plaintiff") on the one hand, and Defendants, LAGADA CORP. (D/B/A RITZ DINER), DIMITRIOS SARANTOPOULOS and GEORGE KALOGERAKOS, (collectively, Defendants), on the other hand, to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against GEORGE KALOGERAKOS, in favor of Plaintiff for the sum of Forty Thousand Dollars ($40,000.00) (less any payments made under the settlement agreement).

4.  This affidavit of confession of judgment is for a debt justly due to Plaintiff under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants Ritz Diner and myself are to submit a total sum of Forty Thousand Dollars and Zero Cents ($40,000.00) to Plaintiffs. The amount of this affidavit of confession of judgment represents the settlement amount of Forty Thousand Dollars and Zero Cents ($40,000.00), plus liquidated damages under the Federal Fair Labor Standards Act and New York Labor Law and New York state implementing regulations and wage orders and which were waived as part of the Settlement Agreement, in the amount of Twenty Thousand Dollars and Zero cents ($20,000.00), for a total of Sixty Thousand and Five Hundred Dollars and Zero cents ($60,000.00).

10

5. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of myself, including, without limitation, the terms and provisions of the Settlement Agreement.

6. I hereby represent my understanding that upon my breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York County of New York as a judgment for Sixty Thousand Dollars and Zero ($60,000.00) (less any payments made under the settlement agreement), against GEORGE KALOGERAKOS.

By: _____
GEORGE KALOGERAKOS

Sworn to before me this

12ᵗʰ day of May 2022

_____
Notary Public

MICHAEL P. GIAMPILIS
Notary Public. State of New York
No. 02GI6086632
Qualified in Queens County
Commission Expires January 27, 20 23

11

# **EXHIBIT B**

UNITED STATES DISRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- X

BERNADO NAVA, *individually and on behalf of others*   :   Index No.:
*similarly situated,*   :
   :   21-CV-00016 (RA)
   :
                      Plaintiff,   :
   :
                  - against -   :
   :
LAGADA CORP. (D/B/A RITZ DINER), DIMITRIOS   :
SARANTOPOULOS and GEORGE KALOGERAKOS,   :
   :
                    Defendants.   :
----------------------------------------------------------------------- X

## STIPULATION OF DISMISSAL WITH PREJUDICE

IT IS HEREBY STIPULATED AND AGREED by and between the parties in the above captioned action through their undersigned counsel that, in accordance with Rule 41(a)(2) of the Federal Rules of Civil Procedure, the Complaint in the above-captioned action and all claims alleged therein to be dismissed with prejudice, with each party to bear their own fees and costs; and that Plaintiffs are precluded from bringing any further claims under the Fair Labor Standards Act or New York Labor Law, or any federal, state or local law, for unpaid wages, including overtime pay, for the period set forth in Plaintiff's Complaint.

IT IS HEREBY FURTHER STIPULATED AND AGREED that this Court shall retain jurisdiction to enforce the parties' Settlement Agreement.

**CSM LEGAL, P.C.**                      **LAW OFFICES OF**
                                          **MICHAEL P. GIAMPILIS, PC**

By: *Ramsha Ansari*                    By: _____
Ramsha Ansari, Esq.                    Michael P. Giampilis, Esq.
60 E. 42nd Street, Suite 4510             2 Supreme Court

New York, New York 10165
Tel.: (212) 317-1200
*Attorneys for the Plaintiff*

Smithtown, New York 11787
Tel: (516) 739-5838
*Attorney for Defendants LAGADA CORP.
(D/B/A RITZ DINER) and GEORGE
KALOGERAKOS*

_____

By; Dimitrios Sarantopoulos

**SO ORDERED**

**DATED this _____ day of _____, 2022**

_____
**HONORABLE RONNIE ABRAMS
UNITED STATES DISTRICT JUDGE**

14

Privileged Settlement Communication

Subject to Revision / Correction

| Plaintiff | Pay Period From | To | No. Weeks in Pay Period | Hours Per Week in Period | No. of SOH Days Per Wk in Period | Calc. Regular Rate of Pay | Calc. OT Rate of Pay | Minimum Wage Rate | Minimum Overtime (OT) | Lawful Weekly Pay | "Credited" Weekly Pay | Underpayment Per Week | Unpaid Wages & OT | Liq. Damages on Wages & OT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Bernado Nava | 12/1/2014 | 12/31/2014 | 4 | 72 | 0 | $ 9.00 | $ 13.49 | $ 8.00 | $ 12.00 | $ 791.56 | $ 647.64 | $ 143.92 | $ 575.68 | $ 575.68 |
| | 1/1/2015 | 12/31/2015 | 52 | 72 | 0 | $ 9.00 | $ 13.49 | $ 8.75 | $ 13.13 | $ 791.56 | $ 647.64 | $ 143.92 | $ 7,483.84 | $ 7,483.84 |
| | 1/1/2016 | 12/31/2016 | 52 | 72 | 0 | $ 9.00 | $ 13.49 | $ 9.00 | $ 13.50 | $ 792.00 | $ 647.64 | $ 144.36 | $ 7,506.72 | $ 7,506.72 |
| | 1/1/2017 | 12/31/2017 | 52 | 72 | 0 | $ 9.42 | $ 14.14 | $ 11.00 | $ 16.50 | $ 968.00 | $ 678.48 | $ 289.52 | $ 15,055.04 | $ 15,055.04 |
| | 1/1/2018 | 6/30/2018 | 26 | 72 | 0 | $ 9.42 | $ 14.14 | $ 13.00 | $ 19.50 | $ 1,144.00 | $ 678.48 | $ 465.52 | $ 12,103.52 | $ 12,103.52 |
| | 7/1/2018 | 12/31/2018 | 26 | 68 | 1 | $ 9.03 | $ 13.54 | $ 13.00 | $ 19.50 | $ 1,066.00 | $ 613.86 | $ 452.14 | $ 11,755.64 | $ 11,755.64 |
| | 1/1/2019 | 8/15/2019 | 32 | 68 | 1 | $ 15.00 | $ 22.50 | $ 15.00 | $ 22.50 | $ 1,230.00 | $ 1,020.00 | $ 210.00 | $ 6,720.00 | $ 6,720.00 |
| | 8/16/2019 | 12/31/2019 | 20 | 58 | 1 | $ 15.00 | $ 22.50 | $ 15.00 | $ 22.50 | $ 1,005.00 | $ 870.00 | $ 135.00 | $ 2,700.00 | $ 2,700.00 |
| | 1/26/2020 | 3/21/2020 | 8 | 57.5 | 2 | $ 15.00 | $ 22.50 | $ 15.00 | $ 22.50 | $ 993.75 | $ 994.00 | $ - | $ - | $ - |
| | 4/5/2020 | 6/13/2020 | 10 | 46.7 | 0 | $ 15.00 | $ 22.50 | $ 15.00 | $ 22.50 | $ 750.75 | $ 751.10 | $ - | $ - | $ - |
| | 6/14/2020 | 8/15/2020 | 9 | 40.2 | 0 | $ 15.00 | $ 22.50 | $ 15.00 | $ 22.50 | $ 604.50 | $ 605.00 | $ - | $ - | $ - |
| | | | | | | | | | | | | TOTAL: | $ 63,900.44 | 63,900.44 |

1 This chart is based upon preliminary information and the expected testimony of Plaintiffs.
2 Plaintiffs reserve the right to correct or amend this chart.
3 This Chart was prepared without the benefit of discovery, or the benefit of Defendants' required wage and hour records under the FLSA and NYLL.

Privileged Settlement Communication                                                                 Subject to  Revision / Correction

| Plaintiff | Pay Period From | To | Unpaid Spread of Hours (SOH) Pay | Liq. Damages on unpaid SOH | Annual Wage Notice | Weekly Wage Statement | Pre Jud. Interest (PJI) on OT & Wages | (PJI) Spread of Hours | Tools of the Trade | Total Per Period |
|---|---|---|---|---|---|---|---|---|---|---|
| Bernado Nava | 12/1/2014 | 12/31/2014 | $ - | $ - | $ 5,000.00 | $ 5,000.00 | $ 384.75 | $ - | $ 210.00 | $ 11,746.11 |
| | 1/1/2015 | 12/31/2015 | $ - | $ - | | | $ 4,636.32 | $ - | | $ 19,604.00 |
| | 1/1/2016 | 12/31/2016 | $ - | $ - | | | $ 3,973.96 | $ - | | $ 18,987.40 |
| | 1/1/2017 | 12/31/2017 | $ - | $ - | | | $ 6,613.14 | $ - | | $ 36,723.22 |
| | 1/1/2018 | 6/30/2018 | $ - | $ - | | | $ 4,501.90 | $ - | | $ 28,708.94 |
| | 7/1/2018 | 12/31/2018 | $ 338.00 | $ 338.00 | | | $ 3,843.50 | $ 110.51 | | $ 28,141.29 |
| | 1/1/2019 | 8/15/2019 | $ 480.00 | $ 480.00 | | | $ 1,856.59 | $ 132.61 | | $ 16,389.20 |
| | 8/16/2019 | 12/31/2019 | $ 300.00 | $ 300.00 | | | $ 624.45 | $ 69.38 | | $ 6,693.83 |
| | 1/26/2020 | 3/21/2020 | $ 240.00 | $ 240.00 | | | $ - | $ 48.29 | | $ 528.29 |
| | 4/5/2020 | 6/13/2020 | $ - | $ - | | | $ - | $ - | | $ - |
| | 6/14/2020 | 8/15/2020 | $ - | $ - | | | $ - | $ - | | $ - |
| | | | $ 1,358.00 | $ 1,358.00 | $ 5,000.00 | $ 5,000.00 | $ 26,434.61 | $ 360.79 | $ 210.00 | $ 167,522.28 |

| | |
|---|---|
| Filing Date | 1/4/2021 |
| FLSA | 1/4/2018 |
| NYLL | 1/4/2015 |
| Amendment | 4/9/2011 |
| Today | 5/18/2022 |

### *CSM Legal, P.C.*
60 East 42nd Street
Suite 4510
New York, NY 10165

Ph:(212) 317-1200          Fax:(212) 317-1620

Bernado Nava                                                    April 11, 2022

1423 Rice Avenue Apt 3.
Bronx, NY
10461

|  |  | File #: | RitzDiner |
|--|--|---------|-----------|
| **Attention:** |  | Inv  #: | Sample |

**RE:**

| DATE | DESCRIPTION | HOURS | AMOUNT | LAWYER |
|------|-------------|-------|--------|--------|
| Aug-27-20 | discussed with JR the facts of case and agreed to interview new client | 0.10 | 45.00 | MF |
|  | interviewed new client and advised him of his rights and obligations;  sent intake to JR with directions as to the documents we need to prepare  to start the litigation | 0.90 | 405.00 | MF |
| Sep-08-20 | reviewed email sent by JR explaining that he is having trouble reaching client;  contacted client and reviewed his intake and confirmed we will represent him;  sent email to JR requesting that he get in touch with the client and have him sign the rtainer ASAP | 0.30 | 135.00 | MF |
| Sep-09-20 | discussed with client the new issues he is raising in the case | 0.10 | 45.00 | MF |
| Sep-11-20 | discussed the facts of the case with paralegal and agreed to work with her on drafting the complaint | 0.10 | 45.00 | MF |
| Dec-31-20 | Reviewed and corrected the complaint;  sent complaint to FF with directions as to the next steps we need to take in the litigation | 1.50 | 675.00 | MF |
| Jan-05-21 | reviewed corrections the court requiresus to make in the case's cover sheet; | 0.30 | 135.00 | MF |
|  | reviewed court notices of appointment of | 0.40 | 180.00 | MF |

|  |  |  |  |  |
|---|---|---|---|---|
|  | judge and magistrate; directed staff to update case chart ; filed notices in the proper folder for future reference |  |  |  |
| Jan-11-21 | downloaded and saved issued summonses, and filed complaint, drafted notices and sent an email to both DGR and servico to serve defendants. Also refiled and drafted current civil cover sheer | 1.00 | 125.00 | PL |
| Jan-14-21 | Reviewed affidavits of service filed in court; directed staff to update case chart ; filed affidavits in the proper folder for future reference | 0.30 | 135.00 | MF |
|  | input fling fee and aos cost into pc law and filed AOS for corp | 0.30 | 37.50 | PL |
| Apr-16-21 | conference with w/ mediator and opposing counsel | 0.70 | 245.00 | GN |
| Feb-28-22 | Reviewing the file | 1.00 | 300.00 | RA |
| Mar-04-22 | Drafting Damages Chart | 2.00 | 250.00 | PL |
| Mar-08-22 | Mediation | 5.00 | 1,500.00 | RA |
|  | Mediation/ Translating | 5.00 | 625.00 | PL |
| Apr-11-22 | Reviewing settlement agreement | 1.00 | 300.00 | RA |
|  | Drafting the fairness motion | 1.00 | 300.00 | RA |
|  | Totals | 21.00 | $5,482.50 |  |

## DISBURSEMENTS

|  |  |  |
|---|---|---|
|  | Filing Fee | 402.00 |
| Jan-13-21 | Process Server | 77.00 |
| Sep-17-21 | Process Server : amended complaint : lagada corp. | 77.00 |
|  | Totals | $556.00 |
|  | **Total Fee & Disbursements** | **$6,038.50** |

**Balance Now Due**                                              $6,038.50



**Invoice**

| Date | Invoice # |
|------|-----------|
| 9/17/2021 | S1865605 |

(518) 463-4179
(800) 828-4428 NYS ONLY
(518) 463-3752 Fax
www.servico.com
14-1638171 Tax I.D. No.

SINCE 1924

P.O. Box 871, Albany, New York 12201

**PAID 09/17/2021**

| Bill To | Ship To |
|---------|---------|
| Michael Faillace & Assoc.<br>Fidel Lozano<br>60 E. 42nd St., #4510, 1 Grand Central Pl<br>New York, NY 10165 | Michael Faillace & Assoc.<br>Fidel Lozano<br>60 E. 42nd St., #4510, 1 Grand Central Pl<br>New York, NY 10165 |

| Your File # | Biller | Account # | Customer Phone |
|-------------|--------|-----------|----------------|
|  | MP | 171200 | 212.317-1200 |

| Description | Amount |
|-------------|--------|
| **Bernado Nava Individually and On Behalf of Others Similarly Situated** | |
| **VS** | |
| **Lagada Corp d/b/a Ritz Diner., et al** | |
| **SERVICE ON: Lagada Corp** | |
| **SERVICE OF PROCESS - SECRETARY OF STATE** | 20.00 |
| **ADMINISTRATIVE CHARGE** | 5.00 |
| **DISBURSEMENT TO DEPARTMENT OF STATE** | 40.00 |
| Copy Fee | 12.00 |
| Credit Card Ran | 0.00 |
| **SALES TAX NYC 5 BOROUGHS** | 0.00 |

| | | |
|---|---|---|
| **- THANK YOU - PAY THIS INVOICE UPON RECEIPT -** | **Total** | **$77.00** |
| | **Payments/Credits** | **-$77.00** |
| RETURN COPY OF INVOICE WITH PAYMENT - WRITE INVOICE NUMBER ON ALL PAYMENTS | **Balance Due** | **$0.00** |

NOTE: We guarantee our information to be as accurate as REASONABLE CARE can make it. However, the ultimate responsibility for maintaining files rests with the filing officer and/or government agency and we will accept NO LIABILITY beyond the exercise of REASONABLE CARE.



(518) 463-4179
(800) 828-4428 NYS ONLY
(518) 463-3752 Fax
www.servico.com
14-1638171 Tax I.D. No.

# Invoice

| Date | Invoice # |
|---|---|
| 1/13/2021 | S1852073 |

® SINCE 1924

P.O. Box 871, Albany, New York 12201

**PAID 01/13/2021**

| Bill To | Ship To |
|---|---|
| Michael Faillace & Assoc.<br>Brenda Tapia<br>60 E. 42nd St., #4510, 1 Grand Central Pl<br>New York, NY 10165 | Michael Faillace & Assoc.<br>Brenda Tapia<br>60 E. 42nd St., #4510, 1 Grand Central Pl<br>New York, NY 10165 |

| Your File # | Biller | Account # | Customer Phone |
|---|---|---|---|
|  | MP | 171200 | 212.317-1200 |

| Description | Amount |
|---|---|
| Bernado Nava, Individually and On Behalf of Others Similarly Situated | |
| VS | |
| Lagada Corp d/b/a Ritz Diner., et al | |
| SERVICE ON: Lagada, Corp. | |
| SERVICE OF PROCESS - SECRETARY OF STATE | 20.00 |
| ADMINISTRATIVE CHARGE | 5.00 |
| DISBURSEMENT TO DEPARTMENT OF STATE | 40.00 |
| Copy Fee | 12.00 |
| Credit Card Ran | 0.00 |
| SALES TAX NYC 5 BOROUGHS | 0.00 |

| | | |
|---|---|---|
| | **Total** | **$77.00** |
| **- THANK YOU - PAY THIS INVOICE UPON RECEIPT -** | **Payments/Credits** | **-$77.00** |
| RETURN COPY OF INVOICE WITH PAYMENT - WRITE INVOICE NUMBER ON ALL PAYMENTS | **Balance Due** | **$0.00** |

NOTE: We guarantee our information to be as accurate as REASONABLE CARE can make it. However, the ultimate responsibility for maintaining files rests with the filing officer and/or government agency and we will accept NO LIABILITY beyond the exercise of REASONABLE CARE.